**In the Matter of the Petition to Stay the Arbitration Demanded of HOTEL GREYSTONE CORP., Petitioner,**

v.

**NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL–CIO, and Vito Pitta, individually and as President of New York Hotel and Motel Trades, Respondents.**

No. 95 Civ. 6364 (LAK).

United States District Court,
S.D. New York.

Sept. 14, 1995.

Thomas P. Piekara, Jackson, Lewis, Schnitzler & Krupman, New York City, for petitioner.

Andrea L. Phillips, Richards & O'Neil, L.L.P., New York City, for respondents.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action, which seeks to stay an arbitration brought pursuant to a collective bargaining agreement, originally was commenced in New York State Court. Respondent removed to this Court, and petitioner now moves to remand, claiming that this Court lacks subject matter jurisdiction. Alternatively, petitioner renews a prior motion for a preliminary stay of the arbitration, which has a hearing scheduled for September 15, 1995, pending resolution of a cross-motion to compel by respondent and petitioner's motion to stay.

*Facts*

Petitioner operates the Hotel Greystone (the "Hotel") in Manhattan. Respondents are the New York Hotel and Motel Trades Council, AFL–CIO (the "Union") and the Union's president. The Union is the exclusive collective bargaining representative of New York City hotel and restaurant industry employees.

Both the Union and the Hotel were signatories to an industry-wide collective bargaining agreement (the "Agreement"), which ex-pired June 30, 1995. Section 26 of the Agreement provided for arbitration of disputes between the parties over "all complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by an between the parties involved ..." Any such arbitration was presided over by the Office of the Impartial Chairman, which has been in existence since 1939 and which allegedly has built a substantial body of precedent over the years construing various provisions in the Agreement. One line of this precedent interprets Section 26 as permitting the Office of the Impartial Chairman to reconsider past decisions and respond to perceived errors in those decisions on good cause shown. It is such a reconsideration that the Hotel seeks to stay in its petition here.

The underlying arbitration, the details of which are not material to resolution of this motion, was commenced on January 4, 1995. The arbitrator issued a decision favorable to the Hotel on January 5. On January 30, the Union moved for reconsideration. Oral argument on whether the arbitrator would reconsider his ruling occurred on July 13, 1995, approximately two weeks after the Agreement expired. Both parties attended the argument and submitted post-argument briefs. The Hotel did not seek a stay of that argument or of the motion for reconsideration. On July 19, The arbitrator agreed to reconsider his January 5 decision, and he scheduled a hearing for August 30.

On August 5, 1995, the Hotel sought a stay in New York State court on the ground that the doctrine of *functus officio* prohibits the arbitrator from reconsidering his January 5 ruling. The Union removed to this Court on August 14, and the Hotel now moves to have the action remanded on the ground that this Court lacks subject matter jurisdiction due to the expiration of the collective bargaining agreement.

*Discussion*

Jurisdiction here turns on Section 301 of the Labor Management Relations Act,

**170**

29 U.S.C. § 185 ("Section 301"). Section 301 states that "[s]uits in violation of [collective bargaining agreements] ... may be brought in any district court having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The statute authorizes federal courts to fashion a body of federal common law for enforcement of collective bargaining agreements. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Thus, if an action "arises under" Section 301, it is removable to federal court. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). An action is deemed to arise under Section 301 if resolution of the claim requires the court to construe a provision of a collective bargaining agreement. *Lingle v. Norge Division of Magic Chef,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). It follows that disputes that arise outside an agreement's effective dates are not governed by Section 301 because the Court need not construe the agreement to resolve the dispute. Federal jurisdiction therefore may not be premised solely on Section 301 in such cases. *United Automobile, Aerospace and Agricultural Implement Workers of America v. R.E. Dietz Company,* 996 F.2d 592, 595 (2d Cir.1993). However, as noted by the Second Circuit in *Dietz,* jurisdiction may exist over a claim made for pre-expiration violations even if the claim is asserted after expiration. *Id.*

■ The Hotel maintains that *Dietz* precludes jurisdiction here. This argument has no merit. The Union's motion for reconsideration was made before the Agreement expired. Thus, to the extent that the parties' dispute involves the propriety of the arbitrator's reconsideration under Section 26 of the Agreement, their dispute arose prior to the Agreement's expiration. And as *Dietz* makes clear, the mere fact that this dispute was resolved after the Agreement's expiration does not divest this Court of jurisdiction. Moreover, it is manifest that the Agreement will have to be construed to resolve whether the arbitrator is contractually empowered to reopen arbitration awards. Thus the Hotel's argument must be rejected.

*Conclusion*

The petitioner's motion to remand is denied. Upon reviewing petitioner's opposition to the cross-motion to compel arbitration, it is apparent that there are substantial issues to be resolved. Therefore, petitioner's motion for a preliminary stay pending resolution of the petition for a stay of arbitration and respondent's cross-motion to compel is granted.

SO ORDERED.